

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOMMIE DENNIS BLOUNT | CIVIL ACTION |
| VERSUS | NO. 05-0186 |
| ST. TAMMANY PARISH SHERIFF'S OFFICE | SECTION "F" (1) |

### REPORT AND RECOMMENDATION

Plaintiff, Tommie Dennis Blount, filed the above-captioned *pro se* complaint pursuant to 42 U.S.C. § 1983 against the St. Tammany Parish Sheriff's Office.[1] The lawsuit stems from an incident in which a number of inmates at the St. Tammany Parish Jail were sprayed with an aerosol lice spray by Lt. Chuckie Lee in January 2004.[2]

The St. Tammany Parish Sheriff's Office, the sole defendant listed in the caption of this lawsuit, has filed a motion to dismiss on the ground that the Sheriff's Office is not a proper

---

[1] Actually, the defendant is listed in the caption as "St Tammy Parish Sheriff Office"; however, it is clear from the complaint that plaintiff is referring to the St. Tammany Parish Sheriff's Office.

[2] That incident resulted in numerous lawsuits which have been dismissed. See, e.g., Wilson v. Lee, Civil Action No. 04-371 "K"(5) (dismissed as frivolous and for failure to state a claim); Burns v. Strain, Civil Action No. 04-586 "F"(3) (dismissed as frivolous and for failure to state a claim); McQueen v. Lee, Civil Action No. 04-2111 "N"(4) (dismissed for failure to prosecute); Hutchins v. Strain, Civil Action No. 04-2737 "A"(1) (dismissed for failure to state a claim); Bickham v. Strain, Civil Action No. 05-334 "J"(3) (dismissed for failure to state a claim).



defendant.[3]  Plaintiff was ordered to file a memorandum in opposition to that motion on or before July 15, 2005,[4] but he has failed to do so.

Defendant is correct that the St. Tammany Parish Sheriff's Office is an improper defendant. "[A] sheriff's office is not a legal entity capable of being sued ...." Cozzo v. Tangipahoa Parish Council–President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988).  Rather, in order for that entity to be held liable, a plaintiff should name as the defendant the sheriff in his official capacity.  See Cozzo, 279 F.3d at 283.

Out of an abundance of caution, the Court will also note that on page 4 of his complaint plaintiff identifies the defendant as "St. Tammy [sic] Parish Sheriff." To the extent that statement could perhaps be construed as an attempt to name St. Tammany Parish Sheriff Jack Strain as a defendant in either his individual or official capacity, plaintiff still has not stated a cognizable claim.

---

[3] Rec. Doc. 9.

[4] That was the second such order issued in this case due to continuing confusion over plaintiff's whereabouts.  In the complaint, plaintiff listed his "present place of confinement" as the St. Tammany Parish Jail; however, he gave as his address a private address in Denham Springs, Louisiana.  On his application to proceed in *forma pauperis*, he indicated that he was not incarcerated. Rec. Doc. 1. On May 6, 2005, the Court issued an initial briefing order and directed the Clerk of Court to send plaintiff copies at both the St. Tammany Parish Jail and at the private address given in the complaint. Rec. Doc. 10.  The copy sent to the jail was returned by the postal service because plaintiff was not incarcerated there, Rec. Doc. 11; however, it appeared that the briefing order was not in fact sent to the private address as directed.  In light of that fact, another briefing order was issued on June 29, 2005, and the Clerk of Court was again directed to send it to plaintiff at both addresses.  Rec. Doc. 12.  The copy sent to the jail was again returned as undeliverable, Rec. Doc. 13; the copy sent to the Denham Springs address was not returned and so was presumably delivered to plaintiff.

2

Plaintiff's allegations are clearly insufficient to state an individual-capacity claim against Strain. The United States Fifth Circuit Court of Appeals has held: "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). The complaint, liberally construed, alleges that plaintiff was improperly sprayed with a chemical lice spray by Lt. Lee and provided with inadequate medical care for injuries resulting from the spraying. Plaintiff makes no allegations whatsoever that Strain was personally involved in the incident or in the events which followed. Without such personal involvement, Strain cannot be held liable in his individual capacity. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").[5]

Plaintiff also has failed to state an official-capacity claim against Strain. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Strain would in reality be a claim against the local governmental entity he serves, the St. Tammany Parish Sheriff's Office. However, in order to hold a local governmental entity accountable for a constitutional violation, a plaintiff must show that (1) an

---

[5] Moreover, Strain cannot be held liable based solely on his supervisory position. Under 42 U.S.C. § 1983, a supervisory official is not liable for the actions of his subordinates under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").

employee of the local governmental entity violated plaintiff's clearly established constitutional rights with subjective deliberate indifference, and (2) the violation resulted from a policy or custom adopted or maintained by the local governmental body with objective deliberate indifference. See Olabisiomotosho v. City of Houston, 185 F.3d 521, 528-29 (5th Cir. 1999). Plaintiff does not allege that the purported constitutional violation resulted from an official policy or custom adopted or maintained by the St. Tammany Parish Sheriff's Office. Accordingly, plaintiff has failed to state an official-capacity claim.

In light of the foregoing, as well as the fact that plaintiff has not filed an opposition to the motion to dismiss, the undersigned finds that defendant's motion to dismiss should be granted. However, in light of the fact that plaintiff is proceeding *pro se*, it is recommended that the claims be dismissed without prejudice. See Mills v. Criminal District Court #3, 837 F.2d 677, 679 (5th Cir. 1988).

## RECOMMENDATION

It is therefore **RECOMMENDED** that defendant's motion to dismiss be **GRANTED** and that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this \_\_\_1st\_\_\_ day of November, 2005.

                                                SALLY SHUSHAN  
                                               UNITED STATES MAGISTRATE JUDGE